# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**KELLY RAYMOND**                                    **CIVIL ACTION**

**VERSUS**                                           **NO.  13-6449**

**WARDEN, LASALLE**                                  **SECTION "A"(2)**
**CORRECTIONAL CENTER**

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings,

including an evidentiary hearing, if necessary, and to submit proposed findings and

recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as

applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Upon review of the

submissions to date, I have determined that a federal evidentiary hearing is unnecessary.

<u>See</u> 28 U.S.C. § 2254(e)(2).[1]  For the following reasons, I recommend that the instant

petition for habeas corpus relief be **DISMISSED WITHOUT PREJUDICE** for failure

to exhaust state court remedies.

---

[1]Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated
determination.  Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when
the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that
was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could
not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the
facts underlying the claim show by clear and convincing evidence that, but for the constitutional error,
no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

I.   FACTUAL BACKGROUND

The petitioner, Kelly Raymond, is a convicted inmate currently incarcerated in the LaSalle Correctional Center in Olla, Louisiana.[2]  On December 19, 2007, Raymond was charged by bill of information in Lafourche Parish Case No. 450829 with one count of false imprisonment and two counts of aggravated battery with a dangerous weapon.[3]  The latter two counts were amended on October 15, 2008, to charge aggravated second degree battery, and the State eventually entered a nolle prosequi dismissal on count one.[4]  The Louisiana First Circuit Court of Appeal summarized the facts of the case as determined at trial as follows:

> Defendant and Shaquera Wallace lived together with their minor child in a trailer at the Drachenburg Trailer Park in Raceland, Louisiana. In the early evening of April 15, 2007, the couple argued over defendant's accusation that Wallace had been unfaithful. Wallace denied the accusation and after contacting a relative, left their residence and took their child to the relative's home.  Defendant apologized to Wallace, and drove to the relative's home to pick up Wallace and the child and drive them home. During the ride home, however, it became apparent to Wallace that the defendant was still upset with her.
>
> When they arrived at the trailer, Wallace carried their sleeping child inside and laid her on the bed in the master bedroom.  As she turned from the bed, defendant punched her in the stomach, causing her to double over. Defendant struck her again, knocking the breath out of her.  Defendant then retrieved a butcher knife and began stabbing Wallace on her arm. Commenting that the knife was too dull, defendant picked up a screwdriver

---

[2]Rec. Doc. No. 2.

[3]St. Rec. Suppl. Vol. 1 of 2, Bill of Information, 450829, 12/19/07.

[4]St. Rec. Suppl. Vol. 2 of 2, Hearing Transcript, p. 24, 10/15/08; Trial Transcript, p. 188, 1/22/09.

and proceeded to stab Wallace several times in the neck.  Throughout the
confrontation, defendant kept accusing Wallace of infidelity.

   Defendant later plugged in a curling iron and after it was heated,
used it to repeatedly burn Wallace's legs.  Due to the intense pain she was
experiencing, Wallace lost consciousness; however, defendant slapped her
until she was awake, and then threatened to burn their child.

   Later, defendant used an iron pipe approximately twenty inches long
to beat Wallace across the buttocks.  Defendant prevented Wallace from
leaving their trailer and drove her to work the following day.  Wallace
eventually went to the emergency room at St. Anne Hospital in Raceland,
where she reported defendant's actions to the police.  Defendant was later
apprehended in Terrebonne Parish.

State v. Raymond, 24 So.3d 1031 (La. App. 1st Cir. 2009) (Table); State v. Raymond,

No. 2009-0810, 2009 WL 3452903, at *1-2 (La. App. 1st Cir. Oct. 23, 2009); State

Record Supplemental Volume 2 of 2, Louisiana First Circuit Court of Appeal Opinion,

2009-KA-0810, October 23, 2009.

   The state trial court found Raymond competent to proceed, and Raymond waived

his right to trial by jury.[5]  He was tried before a judge on January 21 and 22, 2009, and

found guilty as charged on both counts of aggravated second degree battery.[6]  At a

hearing on February 18, 2009, the state trial court denied Raymond's motion for a new

trial.[7]  After waiver of legal delays, the state trial court sentenced Raymond to serve

fourteen (14) years in prison at hard labor on each count to be served concurrently and

_____

   [5]St. Rec. Suppl. Vol. 2 of 2, Hearing Transcript, p. 23, 10/15/08; Trial Transcript, p. 31, 1/21/09.

   [6]St. Rec. Suppl. Vol. 2 of 2, Trial Transcript, p. 211, 1/22/09.

   [7]St. Rec. Suppl. Vol. 1 of 2, Motion for New Trial, 2/2/09; St. Rec. Suppl. Vol. 2 of 2, Sentencing
Transcript, pp. 220-21, 2/18/09.

with restrictions on his good-time eligibility.[8]  The court also denied Raymond's motion to reconsider the sentence.[9]

On direct appeal, Raymond's appointed counsel argued that the state trial court erred in finding Raymond competent to stand trial.[10]  The Louisiana First Circuit affirmed the conviction on October 23, 2009, finding no merit in the claim.[11]  Raymond did not seek immediate review of this ruling.

In the meantime, on March 18, 2009, the State filed a multiple offender bill of information under Lafourche Parish Case No. 466796 charging Raymond as a second felony offender.[12]  After being found competent to proceed, the state trial court adjudicated Raymond a second felony offender on November 17, 2010.[13]  The court vacated the original sentences and sentenced Raymond as a second offender to serve

---

[8]St. Rec. Suppl. Vol. 2 of 2, Sentencing Transcript, pp. 227-28, 2/18/09; St. Rec. Suppl. Vol. 1 of 2, Felony Sentencing, 2/23/09.

[9]St. Rec. Suppl. Vol. 1 of 2, Motion to Reconsider Sentence, 2/25/09; Trial Court Order, 2/25/09.

[10]St. Rec. Suppl. Vol. 2 of 2, Appeal Brief, 2009-KA-0810, 5/27/09.

[11]Raymond, 24 So.3d at 1031; Raymond, 2009 WL 3452903, at *1; St. Rec. Suppl. Vol. 2 of 2, 1st Cir. Opinion, 2009-KA-0810, 10/23/09.

[12]St. Rec. Vol. 1 of 1, Multiple Bill, 466796, 3/18/09.

[13]St. Rec. Vol. 1 of 1, Hearing Transcript, p. 11, 11/17/10; Sanity Hearing Transcript, p. 18, 9/16/10.

concurrent sentences of 25 years in prison at hard labor on each count.[14]  Raymond did not seek review of this sentencing.

Raymond's convictions and sentences became final thirty (30) days later, on December 17, 2010, because he did not seek reconsideration of his habitual offender sentence, file a notice of appeal or otherwise seek timely review of his original appeal in the Louisiana Supreme Court.  Butler v. Cain, 533 F.3d 314 (5th Cir. 2008) (citing Roberts v. Cockrell, 319 F.3d 690, 694-95 (5th Cir. 2003)) (an appeal is final when the state defendant does not timely proceed to the next available step in an appeal process)); Burton v. Stewart, 549 U.S. 147 (2007) (in a criminal case, judgment includes conviction and sentence, therefore the AEDPA "limitations period did not begin until both his conviction and sentence 'became final by the conclusion of direct review or the expiration of the time for seeking such review,'" citing 28 U.S.C. § 2244(d)(1)(A)).

Before his multiple offender proceeding, on July 6, 2010, Raymond had submitted to the state trial court an application for post-conviction relief challenging his conviction under Case No. 450829.[15]  He asserted that the witnesses, Lieutenant Mark Adams, Gail Davis, Terri Throne and Shagera Wallace, testified falsely during the police investigation and under oath at trial.  After receiving a response from the State, the trial court denied

_____

[14]St. Rec. Vol. 1 of 1, Hearing Transcript, p. 14, 11/17/10; Sentencing Transcript, 11/17/10; Transcript of Reasons for Judgment, 11/17/10; Felony Sentencing, 12/6/10 (dated 12/2/10).

[15]St. Rec. Supp. Vol. 2 of 2, Uniform Application for Post-Conviction Relief, 7/9/10 (dated 7/6/10).

the application on December 8, 2010, finding that the perjury claims were not proper grounds for post-conviction relief under La. Code Crim. P. art. 930.3.[16]

The Louisiana First Circuit and Louisiana Supreme Court denied Raymond's subsequent writ applications without stated reasons on May 9, 2011 and March 9, 2012, respectively.[17]

Raymond filed a second untimely[18] writ application in the Louisiana Supreme Court on August 3, 2012, apparently seeking review of his original direct appeal in Louisiana First Circuit Case No. 2009-KA-0810, in which a decision had been issued on October 23, 2009.[19] The court denied the application on November 30, 2012, as untimely, citing La. Code Crim. P. art. 930.8 and State ex rel. Glover v. State, 660 So.2d 1189 (La. 1995).[20]  The court also denied Raymond's request for reconsideration on January 18,

---

[16]St. Rec. Suppl. Vol. 2 of 2, Trial Court Judgment, 12/8/10; State's Response, 10/12/10.

[17]State ex rel. Raymond v. State, 84 So.3d 543 (La. 2012); St. Rec. Suppl. Vol. 2 of 2, La. S. Ct. Order, 2011-KH-1116, 3/9/12; La. S. Ct. Letter, 2011-KH-1116, 6/1/11; 1st Cir. Order, 2011-KW-0036, 5/9/11.

[18]La. S. Ct. R. X§5 provides that an application must be mailed or filed within 30 days after the appellate court's ruling.

[19]St. Rec. Suppl. Vol. 2 of 2, La. S. Ct. Letter, 2012-KH-1809, 8/3/12 (referencing 2009-KA-0810).

[20]State ex rel. Raymond v. State, 103 So.3d 369 (La. 2012); St. Rec. Suppl. Vol. 2 of 2, La. S. Ct. Order, 2012-KH-1809, 11/30/12.

6

2013.[21]  His attempt to file an untimely appeal from the multiple offender adjudication also was rejected by the state trial court.[22]

Eight months later, on August 19, 2013, Raymond submitted an application for post-conviction relief to the state trial court in Case No. 466796, challenging his multiple offender sentencing on the following grounds:[23] (1) He received ineffective assistance of counsel when counsel failed to inform him that the sentencing was appealable and failed to subject the prosecution's case to meaningful challenge.  (2) The state trial judge suppressed mitigating evidence and punished Raymond because of his mental illness. (3) His conviction was made in violation of the United States and Louisiana constitutions because the state trial judge found him competent to proceed in the habitual offender proceedings without independent evaluation of his mental state.

The State filed procedural objections to the application, arguing that the claims were barred from review as untimely under La. Code Crim. P. art. 930.8 and, alternatively, as improper for post-conviction review under La. Code Crim. P. art. 930.4(A).[24]  The state court record does not contain a ruling by the state trial court on this

---

[21]State ex rel. Raymond v. State, 107 So.3d 621 (La. 2013); see also, Rec. Doc. No. 8.

[22]St. Rec. Vol. 1 of 1, Notice of Appeal, 466796, 12/14/12; Trial Court Judgment, 466796, 2/19/13.

[23]St. Rec. Vol. 1 of 1, Uniform Application for Post-Conviction Relief, 8/23/13 (dated 8/19/13).

[24]St. Rec. Vol. 1 of 1, State's Objections, 10/23/13.

application or proof that Raymond sought further review of these issues in the higher state courts.

## II.   FEDERAL HABEAS PETITION

On November 22, 2013, the clerk of this court filed Raymond's petition for federal habeas corpus relief in which he asserts the following grounds for relief:[25] (1) He was not competent to stand trial on the underlying criminal charges. (2) He received ineffective assistance of counsel because his counsel did not subject the State's case to meaningful challenge, failed to advise the court that Raymond was on medication during trial and did not advise Raymond that he could appeal the multiple offender proceeding. (3) The state trial court suppressed mitigating evidence during sentencing. (4) The State's witnesses gave perjured testimony at trial.

The State filed an answer and memorandum in opposition to Raymond's petition apparently arguing that Raymond's claims are barred from federal review because they are premature and/or unexhausted.[26]

## III.   GENERAL STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation,

---

[25]Rec. Doc. No. 2.

[26]Rec. Doc. No. 7.

including 28 U.S.C. § 2254.  The AEDPA went into effect on April 24, 1996[27] and
applies to habeas petitions filed after that date.  Flanagan v. Johnson, 154 F.3d 196, 198
(5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)).  The AEDPA therefore
applies to Raymond's petition, which, for reasons discussed below, is deemed filed in
this court on October 30, 2013.[28]

The threshold questions in habeas review under the amended statute are whether
the petition is timely and whether the claims raised by the petitioner were adjudicated on
the merits in state court; i.e., the petitioner must have exhausted state court remedies and
must not be in "procedural default" on a claim.  Nobles v. Johnson, 127 F.3d 409, 419-20
(5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State has discussed both state procedural default and failure to exhaust as a
basis for this court to dismiss Raymond's petition.  The State's argument is based at least

---

[27]The AEDPA, which was signed into law on that date, does not specify an effective date for its
non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become
effective at the moment they are signed into law. United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir.
1992).

[28]The United States Court of Appeals for the Fifth Circuit has recognized that a "mailbox rule"
applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA,
submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials
receive the pleading from the inmate for delivery to the court is considered the time of filing for
limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057
(2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379
(5th Cir. 1995). Raymond's petition was filed by the clerk of this court on November 22, 2013, when
pauper status was granted. Raymond's signature on the petition is dated October 30, 2013. This is the
earliest date appearing in the record on which Raymond could have presented the pleadings to prison
officials for mailing to the court.

in part on its representation that Raymond's pending state court post-conviction application under Case No. 466769 is either premature as it relates to that case number or untimely as it relates the underlying conviction in Case No. 450829.[29]  However, this argument appears premised on the State's misconception that a conviction and related multiple offender sentence become final at different points, and apparently after completion of the period for seeking state post-conviction review on each.  This is not the law, especially for purposes of this court's authority under Section 2254.  Burton, 549 U.S. at 147 (the judgment of conviction includes both the conviction and sentence); Flanagan v. Johnson, 154 F.3d 196, 199 n.1 (5th Cir. 1998) (the AEDPA filing period does not run from the conclusion of state court post-conviction proceedings.).  In this case, although the State chose to assign different case numbers to the charges and the multiple bill, the matters are clearly intertwined and at a minimum represent collateral proceedings directly related to Raymond's current confinement.  The proceedings must be considered together in determining Raymond's right to federal habeas relief.

Nevertheless, I find that some of Raymond's claims are unexhausted, and the petition should be dismissed without prejudice for that reason.

---

[29]Rec. Doc. No. 7.

IV.   <u>EXHAUSTION OF STATE COURT REMEDIES</u>

      "A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief."   <u>Whitehead v. Johnson</u>, 157 F.3d 384, 387 (5th Cir. 1998) (citing <u>Rose v. Lundy</u>, 455 U.S. 509, 519-20 (1982)); <u>accord</u> <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973); <u>Nobles</u>, 127 F.3d at 419. "A federal habeas petition should be dismissed if state remedies have not been exhausted as to <u>all</u> of the federal court claims."   <u>Whitehead</u>, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); <u>Rose</u>, 455 U.S. at 519-20) (emphasis added).

      "The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the <u>highest</u> state court."   <u>Id</u>. (citing <u>Picard v. Connor</u>, 404 U.S. 270, 275-78 (1971)) (emphasis added).   "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review when that review is part of the State's ordinary appellate review procedures.   <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845 (1999); <u>accord</u> <u>Duncan v. Walker</u>, 533 U.S. 167, 177-79 (2001).

      "A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement."   <u>Whitehead</u>, 157 F.3d at 387 (citing <u>Picard</u>, 404 U.S. at 275-78).   "This requirement is not satisfied if the

petitioner presents <u>new legal theories</u> or <u>new factual claims</u> in his federal application." (emphasis added) <u>Id.</u> (citing <u>Nobles</u>, 127 F.3d at 420).  It is not enough for a petitioner to raise the claims in the lower state courts, if they were not also specifically presented to the Louisiana Supreme Court.  <u>See</u> <u>Baldwin v. Reese</u>, 541 U.S. 27, 32 (2004) (a prisoner does not fairly present a claim to a state court if that court must read beyond a petition or brief, such as a lower court opinion, to find the claim).

To exhaust his claims in state court, Raymond must fairly present the same claims and legal theories he urges in this federal court to the state courts through the Louisiana Supreme Court in a procedurally proper manner and must give the Louisiana Supreme Court an opportunity to address those claims. The record reflects that he has not done so.

Of the four claims presented to this court, Raymond has properly exhausted state court remedies as to two claims. His claim that the State's witnesses gave perjured testimony was raised in his first state post-conviction application, and relief was denied on procedural grounds pursuant to La. Code Crim. P. art. 930.3 at each level of the state courts, including the Louisiana Supreme Court.  <u>See</u> <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 802 (1991) (when the last state court judgment does not indicate whether it is based on procedural default or the merits of a federal claim, the federal court will presume that the state court has relied upon the same grounds as the last reasoned state court opinion).

Raymond arguably has also exhausted his state court remedies as to his claim that the trial court erred in finding him competent to proceed to trial on the underlying charges. This claim was raised by his counsel on direct appeal to no avail in 2009. He raised this claim in the Louisiana Supreme Court in his untimely filed writ application in Case No. 12-KH-1809 in 2012, and relief was denied at that time on procedural grounds under La. Code Crim. P. art. 930.8 and Glover, 660 So.2d 1189. Although the latter application was not timely or properly filed, Raymond had no other available remedies to pursue in the state courts. This claim should therefore be considered exhausted.[30]

Raymond asserted his claims concerning the trial court's suppression of mitigating evidence and ineffective assistance of counsel in his second application for post-conviction relief filed in 2013. In that application, he presented only two arguments related to his counsel's performance, failure to advise him of his right to appeal the multiple offender sentence and failure to meaningfully challenge the State's case. He now raises for the first time in this court a third ineffective assistance claim, the alleged failure to notify the state trial court that he was on medication during his trial on the

---

[30]"[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, . . . there is a procedural default for purposes of federal habeas regardless of the decision of the last state court to which the petitioner actually presented his claims." Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991); Magouirk v. Phillips, 144 F.3d 348, 358 (5th Cir. 1998) (citing Coleman, 501 U.S. at 731-33 and Sones v. Hargett, 61 F.3d 410, 416 (5th Cir. 1995)); Fuller v. Johnson, 158 F.3d 903, 905-06 (5th Cir. 1998).

criminal charges. This kind of ineffective assistance claim is <u>not</u> exhausted since the record does not reflect it has been properly asserted in any state court.

In addition, the remaining ineffective assistance of counsel arguments and the claim of alleged suppression of the mitigating evidence asserted in the lower state courts have <u>not</u> yet been presented to the Louisiana Supreme Court. As noted by the parties, the state trial court had not yet ruled on Raymond's 2013 application for post-conviction relief when the petition, the State's response and the state court record were filed in this court. A member of my staff contacted the Louisiana Supreme Court clerk's office and was advised that Raymond has no pending writ applications in that court at this time, and the last writ application received from him was Case No. 12-KH-1809. As outlined above, the only claim raised in this 2012 writ application was the challenge to his competence to proceed to trial.

For these reasons, the record reflects that Raymond has failed to exhaust available state court remedies as to all of the claims raised in this court. This case, which includes both exhausted and unexhausted claims, is therefore a "mixed petition," and it is subject to dismissal for that reason. <u>See</u> <u>Whitehead</u>, 157 F.3d at 387 (citing <u>Nobles</u>, 127 F.3d at 420).

The record discloses no good cause for Raymond's failure to exhaust these claims, and this court can find none. <u>Rhines v. Weber</u>, 544 U.S. 269, 278 (2005) (dismissal is

14

appropriate where no good cause is shown for the failure to exhaust).  The Supreme Court has long required that a mixed petition like this one be dismissed without prejudice to allow for complete exhaustion.  Pliler v. Ford, 542 U.S. 225, 233 (2004) (citing Rose, 455 U.S. at 510).  The Supreme Court has also provided, however, that, to avoid dismissal of a mixed petition, a petitioner like Raymond can choose to amend his petition to dismiss or exclude the unexhausted claims and proceed with only the exhausted claims.  Pliler, 542 U.S. at 233.  This choice is now available to Raymond.

Having shown no good cause for his failure to exhaust, this petition should be dismissed without prejudice to allow Raymond to exhaust available state court remedies as to all of his claims, unless he amends or resubmits this habeas petition to present only exhausted claims.  Pliler v. Ford, 542 U.S. 225, 233 (2004) (citing Rose, 455 U.S. at 510); Whitehead, 157 F.3d at 387.

## RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that Raymond's petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies, unless he amends his petition to dismiss the unexhausted claims and pursue only the exhausted claims, as described above.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[31]

New Orleans, Louisiana, this ____11th____ day of August, 2014.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[31]Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.

16